UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYDS subscribing to Policy WA003780Z a/s/o Richard Green Group,<br><br>           Plaintiff,<br><br>v.<br><br>BARRIDOFF GALLERIES, EARLE W. NOYES & SONS, and DHYANA ENTERPRISES, INC., d/b/a MAILBOXES, ETC.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 03-191-P-S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MOTION IN LIMINE AND DEFENDANT'S INCLUDED MOTION IN LIMINE

SINGAL, Chief District Judge

    Before the Court is Defendant Earl W. Noyes & Sons' Motion for Leave to File a Supplemental Motion in Limine and its Proposed in Limine Motion (Docket # 178). Defendant argues that Plaintiff did not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure by adding an expert to its witness list that it had not designated as an expert by the proper deadline. The Court agrees with Defendant, and therefore GRANTS both its Motion for Leave to File a Supplemental Motion in Limine and the proposed Motion in Limine.

    Plaintiff's Witness List, dated April 26, 2005 (Docket # 164) designated Mr. Mark Dalrymple as an "Occurrence/Expert" witness. Defendant alleges that this witness list was the first indication by Plaintiff that it intended to use Mr. Dalrymple as an expert

witness as well as a lay witness. The deadline for designating experts and providing expert reports in this case was February 2, 2004. (See Order Granting Motion to Amend Scheduling Order (Docket # 26).) Discovery closed on May 28, 2004. (Id.)

Plaintiff counters that Defendant's Motion is untimely since the deadline for filing Motions in Limine was April 15, 2005. Plaintiff also argues that Defendant knew or should have known that Mr. Dalrymple would be testifying as an expert based on the Defendant's deposition of Mr. Dalrymple on April 27, 2004 (See Dep. of Mark Dalrymple (Docket # 180, Ex. 2).) Notably, Plaintiff does not assert that it ever overtly designated Mr. Dalrymple as an expert prior to April 26, 2005.

Federal Rule of Civil Procedure 26(a) provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence]." Fed. R. Civ. P. 26(a)(2)(A). In addition, the party designating the expert must produce "a written report prepared and signed by the witness" providing "a complete statement of all opinions to be expressed and the basis and reasons therefore" as well as the expert's qualifications, publications, compensation, and prior cases in which she has testified. Fed. R. Civ. P. 26(a)(2)(B). The rule seeks to prevent "the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion and thereby potentially deprive a [party] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004).

Rule 26(a) is enforced through Rule 37(c)(1), which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or

information not so disclosed." Fed. R. Civ. P. 37(c)(1). Thus, failure to comply with the expert disclosure requirements ordinarily requires preclusion of the expert's testimony. Poulis-Minott, 388 F.3d at 358. A party can avoid preclusion of its expert's testimony only by demonstrating that its failure to comply with the disclosure requirements was either substantially justified or harmless. Lohnes v. Level 3 Communs., Inc., 272 F.3d 49, 60 (1st Cir. 2001).

In this case, Plaintiff clearly did not comply with the requirements of Rule 26(a). Plaintiff does not deny Defendant's assertion that it failed to designate Mr. Dalrymple as an expert by the deadline of February 2, 2004, or indeed, at any time prior to its April 26, 2005 witness list. Plaintiff's argument that the requirements of Rule 26(a) may be satisfied if a party has actual or constructive knowledge of an opposing party's intent to elicit expert testimony from a potential witness is supported by neither the plain language nor the purpose of Rule 26(a)(2). "A fair contest" between the parties can only be achieved when each party is forthright in complying with the discovery requirements of Rule 26(a). See Poulis-Minott, 388 F.3d at 358. Counsel cannot be expected to guess at opposing counsel's intentions regarding expert testimony, nor does Rule 26(a) contemplate such a requirement.

Plaintiff makes no attempt to show that its omission of the expert was substantially justified. As for harmlessness, the expert was identified by Plaintiff on April 26, 2005. Discovery closed almost a year earlier. Trial is set to begin in less than a month. It is clear to the Court that the extreme tardiness of Plaintiff's expert designation has the potential to cause significant prejudice to the Defendant. Furthermore, Plaintiff has yet to produce an expert report meeting the requirements of Rule 26(a)(2)(B). The

Court has no doubt that Plaintiff's failure to designate Mr. Darlymple as an expert cannot be characterized as harmless in nature.

Since the facts giving rise to Defendant's Motion in Limine were not available to Defendant until after the deadline for Motions in Limine, its Motion for Leave to File a Supplement Motion in Limine is GRANTED.  Furthermore, for the reasons set forth above, Defendant's Proposed Motion in Limine is GRANTED.  Witness Mark Darlymple will be permitted to testify as a lay witness <u>only</u>, subject to the constraints of Rule 701 of the Federal Rules of Evidence.  Counsel is not to ask the witness questions that will elicit an opinion by the witness based on "scientific, technical or other specialized knowledge within the scope of Rule 702."  <u>See</u> Fed. R. Evid. 701(c).

SO ORDERED.

      /s/ George Z. Singal_____
      Chief U.S. District Judge

Dated this 24th day of June, 2005.